PEOPLE OF PUERTO RICO EX REL. JUAN I. SOSA, Petitioner and Appellee, *v.* JOSÉ GARCÍA DELGADO, Defendant and Appellant.

No. 5780.   Argued April 22, 1932.—Decided April 26, 1932.

*R. Rivera Zayas* for appellant.   *Harry B. Llenza* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is a proceeding in *quo warranto* brought by the People of Puerto Rico at the instance of Juan I. Sosa to oust the defendant from the office of member of the Municipal Assembly of Río Piedras. The relator is a resident and a taxpayer of said municipality and is the President of the local committe of the Socialist-Constitutionalist Party.

It is alleged in the petition that on November 28, 1930, the Municipal Assembly of Río Piedras declared vacant the office of member thereof, filled by Pablo Landráu and that, in violation of the law, on the same day it elected to the vacant office the defendant, José García Delgado, who had not been recommended by the Río Piedras Local Committee of the Socialist-Constitutionalist Party, which won the general election of 1928 in that municipality. The secretary of the municipal assembly failed to inform the committee of the vacancy, and did not ask for the list of three names required by law.

As a special defense, the defendant set up in his answer that the petition did not state facts sufficient to constitute a cause of action. In its final judgment the court settled this question against defendant, who claims that the court erred in so doing because it was not sufficient to allege that the Socialist-Constitutionalist Party had won the election in the municipality, it being also necessary to express the political affiliation of the member causing the vacancy which was to be filled.

The defendant and appellant invokes section 23 of Act No. 53 of 1928, which governs the present case and which in its pertinent part reads as follows:

"Section 23.—Vacancies in municipal assemblies shall be filled by them from a list of three names submitted by the local directing body of the party to which the candidate belongs, and the appointees shall be persons qualified as eligibles and who belong to the same political party as the member causing such vacancy . . . ."

The above section must be construed with reference to section 17 of the same act which provides:

"Section 17.—That at all general elections the voters of each municipality shall elect a municipal assembly which shall consist of eleven (11) members in municipalities of the first class, nine (9) members in municipalities of the second class, and seven (7) members in municipalities of the third class. Each voter shall have the right to vote for the total number of candidates appearing on the electoral ticket. Members of the municipal assembly so elected shall hold office for a term of four years and until their successors shall have been elected or appointed and shall have qualified . . . ."

Therefore, the candidates of the Socialist-Constitutionalist Party having been elected, the mere allegation to that effect was sufficient to conclude that the exercise of the powers conferred by the statute belonged to the local directing body of said party.

It may be conceded that the question raised by the defendant is not without some merit. The wording of section 23 favors his contention. However, an examination of the Election Law as a whole leads us to the conclusion above stated which will be better understood when we examine the facts put in issue by the answer and on which evidence was introduced.

The defendant virtually admitted all the facts—not the conclusions—stated in the complaint, and alleged:

"(a) On September 18, 1928, a group of voters of the Municipality of Río Piedras organized and registered in the office of the Executive Secretary of Puerto Rico a political party called *Reformista* Party, and among the candidates nominated for the office of member of the Municipal Assembly there appeared Pablo Landráu, the person who caused the vacancy filled by the defendant.

"(b) On October 14, 1928, the Socialist-Constitutionalist Party, represented by Ramón Negrón Flores, Dr. Manuel Soto Rivera, Esteban Ortiz, Ezequiel Mongil, Pedro N. Rodríguez and Juan Correa; and the *Reformista* Party, to which defendant belongs, represented by José Ruiz de Val, Rafael M. Schuck, Pablo Landráu, José García Dones, Carmelo Siaca Pacheco and Alfonso Vázquez Cabañas, all of them duly authorized by the respective committees of the parties

mentioned, entered into a pact or political agreement, effective from October 14 of 1928, until the end of the municipal administrative period in January, 1933 . . . .

"(c) By virtue of the aforesaid pact both political parties agreed to join their efforts in the 1928 electoral campaign in order to gain control of the municipal administration, and bound themselves to support a joint list of candidates, each party retaining its separate existence, and to form the local political organization as follows:

"The Local Committee was to be composed by five members of the Socialist-Constitutionalist Party and four members of the local *Reformista* Party.

"The municipal assembly was to be composed by five members of the local *Reformista* Party and four members of the Socialist-Constitutionalist Party.

"The mayor was to be at all times a member of the Socialist-Constitutionalist Party, one of the offices of commissioner to be filled by a member of the *Reformista* Party, and all other offices and positions equally divided between both parties.

"(d) In compliance with the agreement the members of the *Reformista* Party refrained from voting their official set of candidates, and cast their ballots for the Socialist-Constitutionalist Party; and this alliance elected its candidates to administer the municipal affairs, in accordance with the pact.

"(e) After the election was won, at the first meeting of the municipal assembly and in compliance with said pact, four of the elected candidates of the Socialist-Constitutionalist Party, resigned their offices to give way to the appointment of four *Reformistas* including Pablo Landráu—who subsequently vacated the office held by defendant—and said appointments were made from lists of candidates submitted by the Joint Committee of the allied parties, the only local directing body of the victorious political coalition authorized in all cases to submit candidate lists to fill vacancies in the municipal assembly. The members of both political parties belonging to said Joint Committee filled by turns the chairmanship of the committee.

"(f) In April, 1930, owing to internal differences which arose in the *Reformista* Party, the Socialist-Constitutionalist Party, thru the Socialist and the *Republicano Puro* Committees, decided not to acknowledge as members of the Joint Committee any person belonging to the *Reformista* Party who up to that time had acted as such, nor any one claiming to be his alternate; and by virtue thereof the Joint

Committee, which as alleged was the directing body of the local political coalition that won the election, ceased to function. The document marked No. 3 is attached hereto as a part of the within answer.

"(g) A vacancy having occurred in the office of member of the municipal assembly held by Pablo Landráu, the municipal assembly appointed the defendant, José García Delgado, who ·is a member of the same political party of Mr. Landráu, to fill said vacancy, and although the appointment was not made from any list of candidates submitted by the Joint Committee, as the same had ceased to function, yet a list was received from the local committee of the *Reformista* Party, for which reason the Municipal Law has been essentially and substantially complied with, since the Socialist-Constitutionalist Party had no right or authority whatsoever to submit a list of candidates for an appointment that could not be made in favor of any republican or socialist."

The above facts were established by the evidence, which supplemented them by showing that the *Reformista* Party divided itself into two factions, both of which demanded preferential and exclusive rights within the coalition made with the Socialist-Constitutional Party by virtue of the pact invoked.

The district court, in its statement of the case and opinion which forms the basis of the judgment appealed from, expressed itself partly. as follows:

"In construing section 22 of the former Municipal Law, the Supreme Court has held:

" 'The only construction that can be given to said section 22 is that the municipal assemblies are obliged to fill such vacancies as may occur in them with persons recommended by the local committee of the party which elected the member whose vacancy is to be filled, and they have no right to ask that more than one person be recommended for each vacancy, for they have no right to select.' *Piovanetti et al.* v. *Paz et al.*, 28 P.R.R. 498, 499.

" *       *       *       *       *       *       *

"Section 23 of the Law in force is drafted in the same language as section 22 of the previous Act, as amended in 1925, except that the former provides for the proposal of candidates by means of a list of three names.

"Therefore, when a vacancy occurs in the municipal assembly, it should be filled from a list of three eligible candidates, members of the same political party to which the person causing the vacancy belongs, submitted by the local directing body of the party to which the candidate is affiliated; . . .

"The Río Piedras *Reformista* Party did not participate in the election. The votes of its members were cast for the Socialist-Constitutionalist Party, the one which won the election. The candidates of the latter party, not those of the *Reformista* Party, were the ones elected, and it is clear that the right to submit the list of candidates as provided by the law, belongs to said Socialist-Constitutionalist Party.

"It is true that after the general election of 1928, the elected candidate of the Socialist-Constitutionalist Party resigned his office, and that by virtue of the pact or coalition Pablo Landráu, a *Reformista*, was appointed thereto, but his name was submitted by a Joint Committee of the *Reformista* and Socialist-Constitutionalist parties, or, in other words, on the recommendation of the last named party, to which the person causing the vacancy belonged. The *Reformista* Party which although registered by petition, took no part in the election as such a party, and hence did not cause the vacancy, has no right under the law to submit candidates to fill vacancies in the Municipal Assembly of Río Piedras.

"The circumstance that the Joint Committee of both parties had disappeared or ceased to function by reason of the refusal on the part of the members of one party to acknowledge the members of the other, thus practically nullifying the pact or agreement, did not authorize the municipal assembly to act as it did. Therefore, the appointment thus made in favor of José García Delgado is void and of no legal effect whatever.

"*     *     *     *     *     *     *     *

"The fact that both parties had bound themselves upon their honor and good faith and afterwards broke their pact or agreement, does not compel this court to acknowledge its existence in a case like the one at bar, which is not an equity suit, where no question of specific performance is involved, and where no internal matters of the alleged coalition are being discussed.

"In an action partaking of the nature of *quo warranto* the defendant must show a good legal title to the office in dispute. 22 R.C.L. 716, 717."

In his second assignment of error the appellant maintains that the holding of the trial court is erroneous. In view of the attendant circumstances and considering the nature of political parties and similar organizations, and the fundamental principles of the election and municipal laws, we think, on the contrary, that the reasons adduced by the trial court are convincing and that, therefore, the judgment appealed from must be affirmed.